## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEMOND DUNSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Case No.   06-482-DRH-PMF |
| | ) |
| **DR. ELYEA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are motions to dismiss, filed by defendants Elyea, Walker, and Lambert (Doc. Nos. 21, 26). These defendants seek dismissal for failure to state a claim upon which relief could be granted. The motions are opposed (Doc. No. 30).

Plaintiff is challenging the conditions of his confinement at Big Muddy Correctional Center, claiming that Dr. Jatala improperly treated his bipolar disorder and depression by substituting ineffective medicine (Prozac) for effective medicine ((Zoloft and Resperdol). When plaintiff complained that his symptoms persisted, Dr. Jatala offered to increase the medication dosage, but did not actually change the dosage. Plaintiff wrote to Dr. Elyea, seeking help, and received no response. He also filed a grievance. Defendant Lambert denied plaintiff's grievance, and plaintiff appealed to defendant Walker, who did not respond. Plaintiff's symptoms have deteriorated. He hears voices and has trouble sleeping, maintaining concentration, and controlling his behavior. He seeks damages and injunctive relief in the form of a transfer to Dixon Correctional Center.

When considering a Rule 12(b)(6) motion, this Court takes as true all facts alleged in the

Complaint and construes all reasonable inferences in plaintiff's favor. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Defendants' motion should be granted if the plaintiff is unable to raise his claim above the speculation level by articulating "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___(2007)(abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)).

### I.     Personal Involvement

Defendant Elyea seeks dismissal for insufficient allegations of personal involvement. He claims that plaintiff's allegations suggest that limited information was provided by written correspondence, which fails to indicate that he knew about and participated in a constitutional deprivation. Plaintiff maintains that Elyea's deliberate indifference should be inferred from allegations that he failed to respond to written notice of a serious need for medical treatment of mental disorders.

Deliberate indifference to a serious need for treatment of mental illness violates the Eighth Amendment's proscription against cruel and unusual punishment. *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). When a person challenges a professional treatment decision under the deliberate indifference standard, he must show a substantial departure from accepted professional judgment, practices, or standards. In those circumstances, it is reasonable to infer that the treatment decision was not based on professional judgment. *Estate of Cole v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996). Moreover, because the cause of action created by §1983 is predicated on fault, liability does not attach unless defendant Dr. Elyea caused or participated in the constitutional deprivation. The personal involvement requirement is satisfied when the act or omission occurs at

the defendant's direction or with his or her knowledge and consent. *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996).

The Complaint and reasonable inferences suggest that defendant Dr. Elyea received and reviewed written correspondence sent by plaintiff in September, 2005. In that correspondence, plaintiff reported that he did not think he was receiving proper medical care. Plaintiff explained that a different medicine had been prescribed as treatment and that the new medicine was not relieving his symptoms. At the time, defendant Dr. Elyea was acting as health care administrator for the Illinois Department of Corrections. He declined to respond to plaintiff's letter.

It is reasonable to infer from these facts that Dr. Elyea knew that plaintiff's mental status had been evaluated by medical staff, that a diagnosis and treatment decision had been made, that plaintiff was taking prescribed medicine, and that plaintiff was not satisfied with the treatment because his new medicine was not controlling his symptoms effectively. The information provided to Dr. Elyea did not demonstrate that plaintiff's serious ailments had been ignored or that a markedly unusual treatment decision had been made. In these circumstances, Elyea's failure to respond to plaintiff's letter does not plausibly suggest that he approved, condoned, or otherwise participated in unconstitutional conduct. Absent allegations suggesting that Dr. Elyea was personally involved in conduct far exceeding the medical norm, plaintiff's § 1983 claim against Dr. Elyea should be dismissed.

## II.   Deliberate Indifference

Defendants Walker and Lambert also seek dismissal, claiming that plaintiff's allegations do not show that they engaged in conduct that satisfies the deliberate indifference standard. In response, plaintiff points to allegations describing Dr. Jatala's conduct (Doc. No. 30). The Court

is not persuaded that the conduct attributed to Dr Jatala provides a plausible ground for relief against defendants Walker (the director of the department) or Lambert (the warden).

### III.   Qualified Immunity

Because the arguments support dismissal under Rule 12(b)(6), the possible merit of a qualified immunity defense is not addressed.

### IV.   Injunctive Relief

Because the arguments support dismissal under Rule 12(b)(6), the viability of plaintiff's request for injunctive relief in the form of a transfer is not addressed.

### V.   Conclusion

IT IS RECOMMENDED that the motions to dismiss filed by defendants Elyea, Walker, and Lambert (Doc. Nos. 21, 26) be GRANTED. The claims made against these three defendants should be dismissed. If this recommendation is adopted, plaintiff's § 1983 claim against Dr. Jatala will remain for decision.

SUBMITTED:   August 20, 2007   .

> *s/Philip M. Frazier*
> **PHILIP M. FRAZIER**
> **UNITED STATES MAGISTRATE JUDGE**